UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

FITZROY MELVIN

DEBTOR

CHAPTER 7

CASE NO. 19-22222-rdd

JUDGE: Robert D. Drain

MOTION DATE: May 10, 2019

MOTION TIME: 10:00 am

**MOTION REQUESTING ENTRY OF AN ORDER GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4) WITH RESPECT TO THE FIRST MORTGAGE LIEN ON REAL PROPERTY LOCATED AT 414 UNION AVENUE, MOUNT VERNON, NY 10550 OR, IN THE ALTERNATIVE, GRANTING RELIEF PURSUANT TO 11 U.S.C. § 362(d)(1) AND (d)(2)**

Nicole Distasio, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A. ("Movant"), a secured creditor of Fitzroy Melvin ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an order pursuant to 11 U.S.C. § 362(d)(4)[1] with respect to certain real property described herein, providing that any subsequent bankruptcy filing affecting such real property shall not, as provided by § 362(d)(4), operate as a stay against such real property for a period of two years from the filing of such an order) and/or for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) against

---

[1] Unless otherwise stated, all statutory references are to the provisions of the United States Bankruptcy Code.

18-072396

the subject property generally described as 414 Union Avenue, Mount Vernon, New York 10550 and for such other and further relief as this Court may deem just and proper.

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**I.    STATEMENT IN SUPPORT OF *IN REM* RELIEF**

4. Within the past five years, a pending foreclosure has been halted or delayed by various tactics, including multiple bankruptcy filings, by Fitzroy Melvin (the "Debtor" or "Borrower"). Each bankruptcy petition filing asserted an interest in the real property located at 414 Union Avenue, Mount Vernon, New York 10550 (the "Property").

5. The first case was filed by Fitzroy Melvin on March 8, 2017 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No. 17-22346-rdd ("First Case"). The First Case was a barebones petition without any supporting schedules. The First Case was converted to a case under Chapter 7 on or about June 19, 2017, but the case ultimately dismissed on December 8, 2017. The United States Trustee's motion to dismiss was granted and an Order dismissing the First Case was entered on December 8, 2017 as ECF Doc No 27.

6. The second case was filed by Fitzroy Melvin on March 28, 2018 in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 18-22467-rdd ("Second Case"). The Second Case was a barebones petition without any supporting schedules. A motion for relief was filed May 11, 2018 as ECF Doc. No. 10 with a hearing scheduled for August 8, 2018, the Hearing was held, and the motion was granted. An Order Modifying the Automatic Stay was entered on August 9, 2018, as ECF Doc No.: 14. The Second Case was

18-072396

thereafter dismissed pursuant to a Motion to Dismiss filed by the Trustee, and an Order Dismissing Case was entered August 20, 2018 as ECF Doc No. 15.

7. The third and instant case was filed by Fitzroy Melvin on February 8, 2019 in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 19-22222-rdd ("Third Case"). The Third Case is a barebones petition without all the required schedules and remains delinquent as of the date of drafting this motion. There is a pending motion to dismiss which was filed by the United States Trustee's Office and a hearing is scheduled for May 10, 2019.

8. The Property was noticed to be sold at a foreclosure sale four times; The first sale, scheduled for March 9, 2017 was cancelled for the First Case, filed one day prior. The second sale, scheduled for March 29, 2018 was cancelled for the Second Case, filed one day prior. The third sale, scheduled for October 29, 2018 was cancelled due to loss mitigation review. The fourth sale, scheduled for February 8, 2019, was cancelled for the Third Case, filed the same day. The multiple filings of the Debtor, along with the several failed attempts at loss mitigation severely hindered the foreclosure process resulting in cumulative delays of over two years.

9. The Debtor is not utilizing the automatic stay for legitimately seeking a fresh start. Rather, the multiple bankruptcy filings of the Debtor are an abuse of the automatic stay and the bankruptcy system, used to thwart creditors' efforts to enforce their state law rights in their collateral. There is more than an adequate basis to conclude, under § 362(d)(4), that the multiple and largely unprosecuted cases are part of a scheme to delay, hinder, or defraud the efforts of Movant and other creditors who seek to enforce their state law remedies in the affected real property.

## II. FACTUAL BACKGROUND

18-072396

10. Movant is a secured creditor of the Debtor pursuant to a note executed by Fitzroy D. Melvin on September 30, 2003, whereby Fitzroy D. Melvin promised to repay the principal amount of $199,500.00 plus interest to Washington Mutual Bank, FA (the "Note"). To secure the repayment of the Note, Fitzroy Melvin granted Washington Mutual Bank, FA a mortgage, which was duly recorded in the Westchester County Clerk's Office on March 30, 2004 in Control Number 440550325 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 414 Union Avenue, Mount Vernon, NY 10550-4514 (the "Property"). The Mortgage was transferred to Wells Fargo Bank, NA, and said transfer was memorialized by an Assignment of Mortgage executed on May 24, 2007 and recorded June 20, 2007 in Control Number 471640412. The terms of the loan were modified by agreement between Wells Fargo Bank, N.A. and Fitzroy Melvin dated December 22, 2010 and recorded in the Westchester County Clerk's Office on June 16, 2011. Copies of the Note, Mortgage, Assignment of Mortgage and loan modification are annexed hereto as **Exhibit "A"**.

11. Prior to the filing of any of the above-mentioned bankruptcy petitions, a foreclosure was commenced on March 4, 2014 in the Supreme Court of New York, County of Westchester, under Index No. 53106/2014 (the "Foreclosure Case"). Judgment of Foreclosure & Sale ("JFS") was granted by the Honorable David F. Everett and was entered on December 22, 2016. A copy of the JFS is annexed hereto as **Exhibit "B"**. The filing of the instant bankruptcy stayed said action.

12. Throughout the pendency of the Foreclosure Case, the Debtor filed multiple bankruptcy cases and pursued several failed loss mitigation options that stalled the foreclosure

18-072396

process. Upon information and belief, the majority of the bankruptcy cases were shell filings filed solely to impede the foreclosure action of Movant.

### III. GROUNDS FOR *IN REM* RELIEF UNDER 11 U.S.C. § 362(d)(4)

13. Taken together, the three bankruptcy cases provide a more than adequate basis to find that the serial bankruptcy filings and failed loss mediation attempts are part of a scheme to delay, hinder or defraud secured creditors.

14.   11 U.S.C. § 362(d)(4) states that

> . . .after notice and a hearing, the court *shall* grant relief from the stay. . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, *if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors* that involved either-
> (A) transfer of all or part ownership of, or other interest in, such real property *without the consent of the secured creditor or court approval*; or
> (B) multiple bankruptcy filings affecting such real property. If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

11 U.S.C. § 362(d)(4) (emphasis added).

15.   To obtain relief under § 362(d)(4), the moving party has the burden of proving that the current filing by the Debtor "is part of a scheme, that the scheme involved the transfer of real property or multiple filings, and that the object of the scheme is to hinder, delay, [or]² defraud" the moving party. In re Lemma, 394 B.R. 315, 323 (Bankr. E.D.N.Y. 2008).

---

² *Prior to the 2010 amendments to the Bankruptcy Code, §*

16. Courts have considered several factors in determining whether multiple filings raise an inference of intent to hinder, delay or defraud secured creditors, including (1) debtor's failure to make post-petition payments on the loan, (2) debtor's failure to file the required documents and information necessary to prosecute the bankruptcy, and (3) the timing and the sequencing of the filings. *See* In re Montalvo, 416 B.R. 381, 386–87 (Bankr. E.D.N.Y. 2009).

17. When evaluating whether to grant relief under § 362(d)(4), "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a reasonable inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors." In re Blair, 2009 Bankr. LEXIS 4195, 63 Collier Bankr. Cas. 2d (MB) 513 (noting that each filing occurred on the eve or shortly before significant events effecting the property at issue and consequently granting *in rem* relief). In addition, when debtors "have evinced no true intention to reorganize their financial affairs . . . but [r]ather they have engaged in serial filings to thwart the efforts of [a secured creditor] to exercise its lawful rights under state law . . . [t]he serial filings are evidence of bad faith, and evidence of the fact that [the debtors] are abusing the bankruptcy process." In re Montalvo, 416 B.R. 381, 385–86 (Bankr. E.D.N.Y. 2009) (granting *in rem* relief while observing that the various cases filed between the present debtor and co-obligor were dismissed for failure to comply with filing requirements).

18. The timing of the bankruptcy filings, raise serious questions regarding Debtor's intent to hinder, delay and defraud Movant. The timing and sequencing of these events "allows the Court to draw a permissible inference . . . that the instant petition [is] part of a scheme of Debtor to delay, hinder, and defraud" Movant. In re Montalvo, 416 B.R. at 387.

---

*362(d)(4) relief required the filing of a petition that was part of a scheme to "hinder, delay, and defraud creditor."* See *Pub. L. 111-327, Sec. 2(a)(12)(C) (2010) (emphasis added).*

19.     Lastly, upon information and belief, little to no payments have been made on the Loan secured by the Property in over seven years. As of March 18, 2019, the total amount owed on the Loan is $365,643.70. For further detail on the default under the Loan, see the Relief from Stay Affidavit (the "Affidavit") attached hereto as **Exhibit "C"**. In re Lemma, 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008) (weighing the borrower and debtor's attempts to fail to render payments to the secured creditor as part of a scheme to delay, hinder, and defraud).

20.     Based upon an Exterior-Only Appraisal Report ("Appraisal") dated February 27, 2019, the Property has an estimated fair value of approximately $350,000.00. A copy of the Appraisal is annexed hereto as **Exhibit "D"**.

21.     Based on the foregoing, Movant is entitled to relief under § 362(d)(4) in light of the numerous bankruptcy filings and loss mitigation delays. These actions constitute a scheme to hinder, delay, and defraud Movant as its attempts to exercise its state law remedies as mortgagees.

### IV. IN THE ALTERNATIVE, RELIEF IS APPROPRIATE UNDER 11 U.S.C. § 362(d)(1) AND/OR (d)(2)

22.     In the event this Court finds that *in rem* relief is not warranted, relief from the automatic stay should be granted, for cause, under 11 U.S.C. § 362(d)(1) and/or (d)(2). Pursuant to the Affidavit, affixed hereto as **"Exhibit C,"** the loan is contractually due and owing for 88 payments (as of March 18, 2019):

| ALLEGED PAYMENT DUE DATE | ALLEGED AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED (IF ANY) |
|---|---|---|---|---|---|---|
| 12/1/11-11/1/12 | $1,836.14 per month | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 12/1/12-1/1/16 | $1,868.22 per month | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 2/1/16-11/1/16 | $2,264.93 per month | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

18-072396

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/1/16-1/1/17 | $2,272.92 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| 2/1/17-3/1/17 | $2,361.69 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| 4/1/17-6/1/17 | $2,374.04 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| 7/1/17-1/1/18 | $2,441.28 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| 2/1/18-6/1/18 | $2,473.79 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| 7/1/18-3/1/19 | $3,771.15 per month | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |
| TOTALS | $195,464.94 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ | 0.00 | $ 0.00 |

23. As of March 18, 2019, the total amount due under the Loan is $365,643.70. As previously stated and as set out in the Appraisal, the Property is valued at $350,000.00. As such, there is no equity in the Property. Relief is therefore warranted under 11 U.S.C. § 362(d)(2).

24. The Debtor, Debtor's Attorney, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

25. No prior application has been made for the relief requested herein.

18-072396

**WHEREFORE,** for the reasons set forth herein, Wells Fargo Bank, N.A. respectfully requests that it's Motion for *In Rem* Relief be granted pursuant to 11 U.S.C. § 362(d)(4), such that any and all future filings under the Bankruptcy Code during the next two years by any person or entity with an interest in the Property, shall not operate as a stay as to its enforcement of its rights in and to 414 Union Avenue, Mount Vernon, New York 10550, and/or for an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) together with any further relief that this Court deems appropriate.

Dated: March 28, 2019
Rochester, New York

*Nicole Distasio*
Nicole Distasio
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A.
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

18-072396